Stephenson *v.* Walker.

ELIZA H. SEEPHENSON *v.* WM. WALKER *et als.*

1. MARRIED WOMAN. *Privy examination. Registration for twenty years.* After registration of a deed for twenty years, acknowledged by a married woman, under Code, sec. 2084, the presumption in favor of its validity is conclusive, and all enquiry upon the subject of acknowledgement, etc., is cut off.

    Cases cited: Mathewson *v.* Spencer, 4 Sneed, 384; same case, 3 Sneed, 520.

    Code cited: Secs. 2084.

2. STATEMENT UNDER OATH. *Estoppel.* In a bill filed by a woman after coverture, who made a statement under oath in direct conflict with the statement in the bill in this case: *Held*, that her first statement operated as an estoppel on her to allege a different state of facts.

    Cases cited: Cooley *v.* The State, 2 Head, 608; Hamilton *v.* Zimmerman, 5 Sneed, 39 to 48.

No record found.

FREEMAN, J., delivered the opinion of the court.

The bill in this case is filed to assert title to a tract of land on the ground that the certificate of privy examination of the complainant to the deed purporting to have been made by her and husband while she was a *feme covert* was fraudulently obtained, and that, in fact, she did not acknowledge it, as certified by the deputy-clerk.

Two facts in the record are conclusive of the case made by complainant, even though the proof might otherwise favor her claim, which, however, is not the case, the preponderance being against it.

First, the deed had been registered, on the certifi-

19—VOL. 8.

cate of the clerk of privy examination, for more than twenty years at the commencement of the suit.

The very question presented in this case was decided in the case of *Mathewson* v. *Spencer*, 4 Sneed, 384-5-6, where it was held that the act of 1839 made the presumption conclusive, after registration of the deed for twenty years, "that the registration was upon lawful authority, and all inquiry upon that subject was cut off." The same principle had been laid down in the same case in 3 Sneed, 520, and has been followed in several cases since by this court. The act of 1839 is transferred in substance to the Code, sec. 2084.

2d. In a bill filed by her after discoverture, and before filing the present one, she expressly admits that she had acknowledged the deed, or joined in the sale of this land. This bill is sworn to.

In the language of the court in the case of *Cooly* v. *The State et als.*, 2 Head, 608, when a married woman was held estopped by her sworn statement, even "coverture does not confer the privilege or license to commit fraud or falsehood, under the sanction of an oath, nor protection from its consequences." She has offered no explanation of her sworn statement, and must abide by it. The case is much stronger when a party is under no disability at the time. See also *Hamilton* v. *Zimmerman*, 5 Sneed, 39 to 48.

Without examination of other questions in the case, the above is conclusive of the result.

Affirm the decree of the chancellor with costs.